**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

"MARIA," "LILY," "SLOANE," "VIOLET,"
"PIA," "MAUREEN," "JENNY,"
"TAYLOR," and "APRIL,"

    Plaintiffs,

v.

PATRICK LEWIS WOJAHN
ID #: 00496700
Patuxent Institution
7755 Waterloo Road
Jessup, Maryland 20794,

    Defendant.

CASE NO.:

Jury Trial Demanded

**COMPLAINT**

The Plaintiffs, through their attorney of record, David A. Harak of The Harak Law Firm, LLC, allege for their complaint as follows:

**NATURE OF THE ACTION**

1. This is a suit for damages arising out of the Defendant Patrick Lewis Wojahn's commission and conviction of criminal acts under Maryland state statutes which are the equivalent of violations of the child pornography statute 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

**PARTIES**

3. "Maria" is an adult and resides outside of the District of Maryland.

COMPLAINT - 1

4. "Maria" is a pseudonym for the victim depicted in the Best Necklace child pornography series.

5. "Lily" is an adult and resides outside of the District of Maryland.

6. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

7. "Sloane" is an adult and resides outside of the District of Maryland.

8. "Sloane" is the pseudonym for the victim depicted in the Tara child pornography series.

9. "Violet" is an adult and resides outside of the District of Maryland.

10. "Violet" is the pseudonym for the victim depicted in the At School child pornography series.

11. "Pia" is an adult and resides outside of the District of Maryland.

12. "Pia" is the pseudonym for the victim depicted in the Sweet White Sugar child pornography series.

13. "Jenny" is an adult and resides outside of the District of Maryland.

14. "Jenny" is a pseudonym for the victim depicted in the Jenny child pornography series.

15. "Taylor" is an adult and resides outside of the District of Maryland.

16. "Taylor" is the pseudonym for the victim depicted in the RedGlassesCry child pornography series.

17. "April" is an adult and resides outside of the District of Maryland.

18. "April" is a pseudonym for the victim depicted in the AprilBlonde child pornography series.

COMPLAINT - 2

19. Each of the Plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from Defendant's possession.

20. The Defendant is an adult who, upon information and belief, at all material times has resided within the District of Maryland.

## JURISDICTION AND VENUE

21. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

22. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

23. The Defendant was convicted of a crime which is the equivalent of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

24. On May 25, 2023 Defendant was indicted in the Prince Georges County Circuit Court within the District of Maryland, in the matter denominated *State of Maryland v. Patrick Lewis Wojahn*, Case No. C-16-CR-23-001588, with 140 criminal counts alleging violation of CJIS CODE: 11-207, CJIS CODE 1 0300, and/or CJIS CODE: 1 1756  These crimes were alleged to have been committed on or about the 9th day of January, 2023 and/or the 27th day of February, 2023.

25. Commission of these crimes are the equivalent of commission of the crime proscribed in 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

26. Defendant pleaded guilty to each of these crimes as charged and or about November 20, 2023, Defendant was sentenced, and a judgment entered against him.

27. Plaintiffs have each received notice that they are victims of Defendant's crimes.

28. Plaintiffs are victims of Defendant's crimes of possession of child pornography.

29. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer media to child sex abuse images and videos of Plaintiffs in NCMEC's database and notified law enforcement of its findings in a CVIP/CIR report.

30. In September 2023, Plaintiffs first received notice that their child sex abuse images and videos were among those possessed by Defendant in violation of Maryland child pornography laws.

31. Plaintiffs have confirmed that images of each of them as children engaged in sexual conduct are included among those images seized by law enforcement from Defendant.

**COUNT I**
**(Claim for Civil Remedy pursuant to 18 U.S.C. § 2255(a))**

32. The Plaintiffs repeat and re–allege all prior paragraphs, which are hereby fully incorporated herein by reference.

33. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who, while a minor, was a victim of a violation of 18 U.S.C. § 2252 and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or

liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

34. The Defendant pleaded guilty crimes constituting the equivalent of predicate federal child pornography crime found at 18 U.S.C. § 2252(a)(4)(B).

18 U.S.C. § 2252(a)(4)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or which was produced using material which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

35. Each Plaintiff is a victim of Defendant's violation of Maryland child pornography crimes.

36. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

37. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, each Plaintiff requests judgment against the Defendant as follows:

  a. Liquidated damages in the amount of $150,000 for each Plaintiff pursuant to 18 U.S.C. § 2255(a);

  b. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

  c. Litigation costs pursuant to 18 U.S.C. § 2255(a); and,

  d. Pre-judgment and post-judgment interest.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

        _____
        David A. Harak

RESPECTFULLY SUBMITTED

By:

THE HARAK LAW FIRM, LLC

_____
David A. Harak, Esquire, Bar # 13803
*AIS: 9712170030*
1400 S. Charles Street
Baltimore, MD. 21230
410-347-1272
410-347-1274 fax
david@haraklaw.com
Attorney for the Plaintiffs

COMPLAINT - 6